IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRADLEY NYBO,

      Petitioner,

v.

REED RICHARDSON, Warden,
Stanley Correctional Institution,

      Respondent.

OPINION AND ORDER

19-cv-730-wmc

---

Bradley Nybo, an inmate at the Stanley Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition is before the court for preliminary screening under Rule 4 of the Rules Governing Section 2254 Cases.  Because it is plain from the petition and its attachments that petitioner is not entitled to federal habeas relief, his petition must be dismissed.

## BACKGROUND

The petition seeks to challenge Nybo's 2015 conviction in the Circuit Court for Waukesha County, for attempted second-degree sexual assault of a child and four counts of possessing child pornography.  As summarized by the Wisconsin Court of Appeals, the facts are as follows:

> Under the username "daddyluvsynggrls," Nybo entered an Internet chatroom titled "Married but Looking for 13." As part of his job investigating Internet crimes against children, Detective Andrew Jicha was posing as a father with a fourteen-year-old daughter named "Kerri." Jicha's username was "Timolder4younger." Jicha received a private message from Nybo. Nybo lived in Minnesota but was staying at a Chicago-area hotel on business. Nybo

asked what they would do if he traveled to meet Jicha in Milwaukee. Jicha responded that he liked to watch and record men having sex with Kerri. Nybo said, "I would love that." Jicha said Nybo should let him know when he would "be in town and maybe we can work something out." Nybo responded, "Well I am actually in Chicago now and heading through Wisconsin tonight." Nybo said he was "up for" a meeting that night and asked for a picture of Kerri.

Nybo described the sexual acts he wanted to perform with Kerri. Jicha told Nybo he would need to use condoms. Nybo responded that he had had a vasectomy but was fine using a condom. When Jicha said they could meet at a local hotel, Nybo suggested that they first meet at a bar or restaurant. They agreed to meet in a bar/restaurant near Waukesha. Jicha said he would have his daughter with him. Nybo provided Jicha with updates about his location and his anticipated arrival time.

Nybo arrived at the restaurant, parked in the lot, and headed toward the entrance. He was immediately detained. While other officers transported Nybo to the police station, Jicha took custody of his car. Jicha believed that Nybo's car contained condoms because officers did not find any on his person. Because Nybo was returning from a business event in Chicago, Jicha believed he had a computer with him which would contain information about their chats. Jicha saw a laptop computer bag in the car and found condoms in the center console.

Detective Timothy Probst interviewed Nybo following his arrest. Nybo admitted initiating contact with a person known to him as "Tim" while he was in a Chicago-area hotel. Nybo stated: "We discussed the fantasy and I wanted to see the reality." He also stated he has a preference for girls ages thirteen to eighteen. With Nybo's consent, officers searched his laptop and recovered a number of images that appeared to be child pornography. Nybo was charged with attempted second-degree sexual assault of a child and four counts of possessing child pornography.

*State v. Nybo*, 2018 WI App 39, ¶¶ 2-5, 382 Wis. 2d 830, 917 N.W.2d 232, *rev.*

*denied*, 2018 WI 100, ¶¶ 2-5, 384 Wis. 2d 768, 920 N.W.2d 917.

Nybo moved to suppress the evidence seized from his car.  After a hearing, the

circuit court denied the motion, as well as a subsequent motion by Nybo for

reconsideration.  Following a bench trial, the circuit court entered guilty verdicts on all of the charges.  *Id*. at ¶ 6.

On direct appeal, Nybo raised two claims:  (1) the warrantless search of his car was unlawful; and (2) the evidence at trial was insufficient to demonstrate that he attempted to have sexual contact or sexual intercourse with the fictitious "Kerri."  The Wisconsin Court of Appeals rejected both claims on the merits and affirmed Nybo's conviction.  *Id*. at ¶ 1.  The court held the search of Nybo's car was lawful under the automobile exception to the warrant requirement because probable cause existed to believe the vehicle contained evidence of a crime.  *Id*. at ¶¶ 9-13.  As for Nybo's challenge to the attempted second-degree assault conviction, the court held that "[t]he details of Nybo's chatroom conversation with Jicha coupled with the facts surrounding Nybo's travel to Wisconsin for an in-person meeting sufficiently support the verdict."  *Id*. at ¶ 20.  The Wisconsin Supreme Court subsequently denied Lee's petition for review.

DISCUSSION

In his collateral attack on those state convictions, petitioner reasserts the same, two grounds for relief raised in the Wisconsin Court of Appeals.  Rule 4 of the Rules Governing Section 2254 Cases authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Under the rule, the district court has the power to dismiss those petitions that:  (1) do not state a claim upon

which relief may be granted; or (2) are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). In this case, petitioner fails to state a viable claim for relief.

Specifically, under the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this court may grant Nybo's petition *only* if the state courts' adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Consistent with this standard, federal courts may not review state court decisions adjudicating federal constitutional claims *de novo*, but rather may review only for reasonableness.

Moreover, for purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (O'Connor, J., concurring). To show that a state court decision was "unreasonable," therefore, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Under § 2254(d)(2), a federal court may grant habeas relief on the alternative ground that the state court's adjudication of a constitutional claim was based upon an unreasonable determination of the facts in light of the evidence presented. But again, the federal court owes deference to

4

the state court's findings.  In particular, the underlying state court findings of fact and credibility determinations against the petitioner are presumed correct *unless* the petitioner comes forth with "clear and convincing evidence to the contrary."  28 U.S.C. § 2254(e)(1); *Campbell v. Smith*, 770 F.3d 540, 546 (7th Cir. 2014); *Newman v. Harrington*, 726 F.3d 921, 928 (7th Cir. 2013).

## I.   Automobile Search

In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme Court sharply limited the circumstances under which a state prisoner may be granted habeas corpus relief on the ground that evidence obtained in violation of his Fourth Amendment rights was used against him at trial.  More specifically, the Supreme Court held in *Stone* held that where the state has provided "an opportunity for full and fair litigation of a Fourth Amendment claim," a federal court will not review that claim in a subsequent habeas corpus petition.  *Stone*, 428 U.S. at 481-82.  Moreover, "an opportunity for full and fair litigation" guarantees the "right to present one's case, but it does not guarantee a correct result." *Cabrera v. Hinsley*, 324 F.3d 527, 531-32 (7th Cir. 2003).

Thus, a federal court's role on habeas review "is not to second-guess the state court on the *merits* of the petitioner's claim, but rather to assure [itself] that the state court heard the claim, looked to the right body of case law, and rendered an intellectually honest decision."  *Monroe v. Davis*, 712 F. 3d 1106, 1114 (7th Cir. 2013) (emphasis added).  That said, *Stone* does not block habeas review if the state court's mechanism for presenting the petitioner's claim "was in some way a sham," *Cabrera,* 324 F.3d at 531, as it would be "if

the judge had his mind closed to the necessity of a hearing, or was bribed, or decided . . . that probable cause is not required . . . or was sleepwalking . . . or in some other obvious way subverted the hearing." *Id*.

Likely recognizing that he must overcome *Stone* to obtain federal review of his Fourth Amendment claim, petitioner asserts that the Wisconsin courts denied him an opportunity for a full and fair hearing "because they did not rely on the proper body of case law as related to the automobile exception and they largely ignored Nybo's arguments." (Pet. (dkt. # 1) 5.)  Even if petitioner's allegations were true, however, this would not amount to a showing of the "subversion of the hearing process" necessary for a petitioner to obtain federal habeas review of his Fourth Amendment claim.  In fact, the petitioner here does not (and cannot) deny that he received a hearing *and* was allowed to present facts, case law and argument in support of his claim.  Instead, the nub of his complaint remains that the state courts decided his claim *incorrectly*, which as discussed is not enough to overcome *Stone*.

Even if *Stone* did not bar him relief, petitioner also could not succeed on the merits of his Fourth Amendment challenge.  As the Wisconsin Court of Appeals correctly recognized on direct appeal in this case, the United States Supreme Court already held that law enforcement may perform a warrantless search of a vehicle so long as there is probable cause to believe the vehicle contains evidence of a crime and the vehicle is readily mobile. *Maryland v. Dyson*, 527 U.S. 465, 466–67 (1999).  While effectively conceding both factors were satisfied at least initially, petitioner asserts that the "automobile exception" to the Fourth Amendment's warrant requirement recognized in *Dyson* does not

6

apply here because police did not search his car *on the scene*, but rather moved it to a police station first.   However, the automobile exception applies *even after* a car has been impounded.  *Florida v. Meyers,* 466 U.S. 380 (1984); *see also California v. Acevedo,* 500 U.S. 565, 570 (1991) ("[I]f the police have probable cause to justify a warrantless seizure of an automobile on a public roadway, they may conduct either an immediate or a delayed search of the vehicle."); *United States v. Rivera*, 825 F.2d 152, 158 (7th Cir. 1987) (holding that when agents did not immediately search a car that they had probable cause to believe contained contraband, but removed it to a DEA garage, the delay did not invalidate the search).

Petitioner also contends that the search was invalid in light of the State's admission that petitioner did not commit the stated crime of arrest (use of a computer to facilitate a child sex crime).  *See Nybo*, 2018 WI App 39, ¶ 11.  Again, however, petitioner is incorrect. As the Wisconsin Court of Appeals also correctly explained on direct appeal, *id*. at ¶ 12, the legality of an intrusion under the Fourth Amendment is evaluated using an objective test.  *E.g., Ashcroft v. al–Kidd*, 563 U.S. 731, 736 (2011) ("We ask whether the circumstances, viewed objectively, justify [the challenged] action. If so, that action was reasonable *whatever* the subjective intent motivating the relevant officials.") (emphasis in original); *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) ("Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause."); *Whren v. United States*, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment

analysis."). As a result, the court did not error in finding the arresting officer's *subjective* intent as to what crime petitioner committed had no bearing on the validity of his search.

Instead, as the Wisconsin Court of Appeals properly found, the totality of the circumstances known to the officers at the time provided ample probable cause to believe that evidence of a child sex crime, such as attempted sexual assault or child enticement, would be found in petitioner's car. *Nybo*, 2018 WI App 39, ¶ 12. Those facts, which petitioner does not challenge, included: (1) petitioner's active participation in an Internet conversation with Jicha about engaging in sexual activity with "Kerri," his (unbeknownst to petitioner, fictitious) fourteen-year-old daughter; (2) petitioner's expressed desire to engage in specific, illegal sexual acts with Kerri; (3) petitioner's travel from Illinois to a prearranged location in Wisconsin for the stated purpose of having sex with Kerri; (4) his agreement to bring condoms; and (5) his continued, electronic communications with Jicha while traveling to Wisconsin. In light of these facts, the Wisconsin Court of Appeals had ample, even overwhelming grounds to conclude objective "[o]fficers could reasonably believe that evidence such as condoms, computers or other electronic devices were probably located in Nybo's car." *Id*. at ¶ 10.

In sum, petitioner's Fourth Amendment claim is not reviewable under *Stone* and petitioner could not meet § 2254(d)'s demanding review standard even if it was. Accordingly, it must be summarily dismissed.

## II.   Sufficiency of the Evidence

Likewise, petitioner cannot succeed on his challenge to the sufficiency of the evidence for his conviction on attempted second-degree sexual assault. As to this charge,

the State needed to prove:  (1) petitioner intended to have sexual intercourse or sexual contact with another person; (2) petitioner believed the other person was under the age of sixteen; and (3) petitioner did acts which demonstrated unequivocally, under all the circumstances, that he intended to and would have had sexual contact or intercourse with that person except for the intervention of another person or some other extraneous factor. WIS JI-CRIMINAL 2105B.

When reviewing the sufficiency of the evidence to support a criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  The Wisconsin Court of Appeals properly recognized this as the controlling standard.  *See Nybo*, 2018 WI App 39, at ¶ 14 (citing *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990)) ("We must uphold Nybo's conviction 'unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt.'").  The court then reviewed the evidence adduced at the bench trial before finding "the circuit court, acting reasonably, could have found guilt beyond a reasonable doubt." *Id*. at ¶ 16.

*This* conclusion itself is imminently reasonable.  As recounted in the facts set out above, petitioner made a number of statements to Jicha expressing his desire to have sex with his 14-year-old daughter "Kerri."  Further, he took a number of actions demonstrating unequivocally his intent to act on this desire, including traveling to Wisconsin from Illinois

for an in-person meeting with Jicha and his supposed daughter.  Moreover, as the court of appeals noted, despite having told Jicha he had a vasectomy and did not need condoms, Nybo brought condoms with him.  As explained, this fact was significant since in posing as "Kerri's" father, Jicha had told Nybo that condoms were a prerequisite to having sex with her.  *Id*. at ¶ 20.

Contrary to petitioner's assertion, the mere fact that many more acts would have had to occur before he actually had sex with "Kerri" does not render too remote the material, affirmative \acts he had already taken by the time he headed toward the entrance of the restaurant.  Moreover, because petitioner's acts leading up to his entry into the restaurant were sufficient to constitute an *attempt*, it matters not that petitioner may have decided ultimately to abandon his plans.  Specifically, Wisconsin does not recognize voluntary abandonment as a defense to the crime of attempt.  *Id*. at ¶ 23 (citing *State v. Stewart*, 143 Wis. 2d 28, 45, 420 N.W.2d 44, 51 (1988)).

In short, that petitioner not only has failed to meet his heavy burden of showing that the Wisconsin Court of Appeals unreasonably adjudicated his sufficiency-of-the-evidence claim, but the evidence provided ample support for the circuit court's finding of guilt.


## III.    Conclusion

Neither of petitioner's claims is one on which federal habeas relief could be granted.  Therefore, the petition will be dismissed for lack of merit.  Further, because petitioner has

not made a substantial showing of the denial of a constitutional right, the court shall not issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

## ORDER

IT IS ORDERED that:

(1) The petition filed by Bradley Nybo for a writ of habeas corpus under 28 U.S.C. § 2254 is summarily DISMISSED WITH PREJUDICE under Rule 4 of the Rules Governing Section 2254 Cases. The clerk of court is directed to enter judgment in favor of respondent and dismiss this case.

(2) A certificate of appealability is DENIED.

(3) Petitioner is advised that the judgement entered by the clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment, in accordance with Rules 3 and 4 of the Federal Rules of Appellate Procedure.

Entered this 3rd day of May, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

11